# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY FERGUSON and ROGER MOELLMAN, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>RANDY'S TRUCKING, INC.,<br><br>        Defendant. | Case No.: 1:15-CV-00697-JLT<br><br>SCHEDULING ORDER<br>(Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 10/10/2015<br><br>Discovery Deadlines:<br>    Non-Expert: 5/6/2016<br>    Expert: 7/22/2016<br><br>Class Certification Deadlines:<br>    Filing: 11/2/2015<br>    Opposition: 1/15/2016<br>    Reply brief: 1/29/2016<br>    Hearing: 2/19/2016 at 9:00 a.m.<br><br>Non-dispositive Motion Deadlines:<br>    Filing: 8/12/2016<br>    Hearing: 9/9/2016<br><br>Dispositive Motion Deadline:<br>    Filing: 9/30/2016<br>    Hearing: 11/4/2016 |

**I.**   **Date of Scheduling Conference**

August 20, 2015.

///

**II.     Appearances of Counsel**

Michael Tracy appeared on behalf of Plaintiffs.

Kevin Koligian appeared on behalf of Defendant.

**III.    Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **October 10, 2015**.

**IV.    Discovery Plan and Cut-Off Dates**

The parties have completed their exchange of their initial disclosures.

The parties are ordered to complete all discovery pertaining to non-experts on or before **May 6, 2016**, and all discovery pertaining to experts on or before **July 22, 2016**.

The parties are directed to disclose all expert witnesses, in writing, on or before **May 27, 2016**, and to disclose all rebuttal experts on or before **June 24, 2016**.  The written designation of retained and non-retained experts **shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

**V.     Non-Dispositive Motions**

Any non-dispositive motions **SHALL** be filed no later than **August 12, 2016**, and heard no later than **September 9, 2016**.

No written discovery motions shall be filed without prior approval of the Court.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly

shall seek a telephonic hearing with all involved parties and the Court. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Court may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via CourtCall.

## VI.    Dispositive Motion Deadlines

Dispositive motions **SHALL** be filed no later than **September 30, 2016**, and heard no later than **November 4, 2016**. Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless the Court grants leave *prior* to the filing of the pertinent pleading; requests for leave after the filing will be disregarded and all pages over 30 pages will not be considered.

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days** before the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may

be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

### VII.    Motion for Class Certification

The motion for class certification **SHALL** be filed no later **November 2, 2015**.  Opposition to the motion **SHALL** be filed no later than **January 15, 2016**.  Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless the Court grants leave *prior* to the filing of the pertinent; requests for leave after the filing will be disregarded and all pages over 30 pages will not be considered. Any reply **SHALL** be filed no later than **January 29, 2016** and shall not exceed 15 pages, exclusive of evidentiary objections.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[1]  A hard-copy, courtesy copy of all filings **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the United States Courthouse, 510 19th Street Suite 200, Bakersfield, CA 93301, at the same time the filing is submitted.  All of the evidence in the hard-copy SHALL be numbered, tabbed and indexed.

The hearing on the motion for class certification is set on **February 19, 2016**, at 9:00 a.m.

### VIII.   Settlement Conference

If the parties believe the action is in a settlement posture, they may file a joint request for a conference with the Court, including proposed dates for the conference.  At that time, a settlement conference will be set before a Magistrate Judge in Fresno, California.

### IX.    Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

---

[1] No motions to strike evidence will be entertained.  If objections are sustained, the evidence will not be considered.

**X.     Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The hearing dates are specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

IT IS SO ORDERED.

Dated:   **August 20, 2015**                    /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE