**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONNY FERGUSON and ROGER MOELLMAN, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>RANDY'S TRUCKING, INC.,<br><br>    Defendant. | Case No.: 1:15-cv-00697- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT (Doc. 17) |

Plaintiffs allege they were truck operators for Randy's Trucking, Inc., and worked "at various drilling locations assisting with drilling and extraction operations." (Doc. 1 at 3) Plaintiffs contend their overtime pay was not calculated properly, and though they "routinely worked hours in excess of 12 hours in a day," they did not receive double time. (*Id.*) Plaintiffs seek leave to add a new plaintiff, Steven Gifford, and a new defendant: Randy Griffith, the President of Randy's Trucking, Inc. (Doc. 17) Defendant filed its opposition to the motion on September 24, 2015 (Doc. 18), to which Plaintiffs filed a reply on September 29, 2015 (Doc. 19).

The Court found the matter suitable for decision without oral arguments, and took the matter under submission pursuant to Local Rule 230(g) on September 30, 2015. Because leave to amend the complaint is appropriate under Rule 15, as discussed below, Plaintiffs' motion to amend the complaint is **GRANTED**.

## I.  Legal Standards

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendant filed an Answer on June 15, 2015. (Doc. 6) Therefore, Plaintiff requires either consent of Defendant or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, the policy to grant leave to amend is applied with extreme liberality. *Id.* There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

## II.  Discussion and Analysis

As an initial matter, Defendant argues that the motion to amend the complaint "is not premised on any ground pursuant to which the amendment should be granted." (Doc. 18 at 2, emphasis omitted) Defendant asserts, "Typically the grounds for a motion to amend are based on the discovery of additional information; correction of a misnomer or other error; or to cure a defect in the original pleading." (*Id.*, citing Wallace & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2015) ¶ 8:1480) Defendant contends that Plaintiffs' proposed amended complaint "essentially alleges" facts against Mr. Griffith that were known to Plaintiffs "at all times." (*Id.* at 2-3) Defendant concluded that because Plaintiffs have not identified "any new or additional information since filing their original error," "no grounds for an amendment to exist." (*Id.*) Significantly, however, Defendant ignores the fact that Plaintiffs also seek leave to identify Steve Gifford as a named plaintiff in this

action, who was employed by Randy's Trucking from June 2007 to January 2015. (Doc. 17-2 at 1-2) Moreover, the addition of parties is a proper ground for seeking leave to amend. *See, e.g., Borelli v. Black Diamond Aggregates, Inc.*, 2015 U.S. Dist. LEXIS 118604 at *5-6 (E.D. Cal. Sept. 4, 2015) (granting the plaintiff leave to amend to add two new class representatives); *Stanislaus Custodial Deputy Sheriff's Assoc. v. Deputy Sheriff's Assoc.*, 2010 U.S. Dist. LEXIS 59177 (E.D. Cal. June 1, 2010) (granting the plaintiff "leave to amend to add an additional party"). Accordingly, Defendant's argument that the motion is not premised upon any proper grounds is unpersuasive, and the Court will evaluate the merits of the motion.

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiffs previously amended the complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight, as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### A.     Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended her complaint. *Allen*, 911 F.2d at 373; *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986). Here, Plaintiffs have not previously amended the complaint. Thus, this factor does not weigh against amendment.

### B.     Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see also Eminence Capital*, 316 F.3d at 1052. Further, the Court should examine whether "permitting an amendment would … produce an undue delay in the litigation." *Id.* at 1387.

Here, Defendant argues that "Plaintiffs have unduly delayed in bringing this motion." (Doc. 18 at 3, emphasis omitted)  Defendant argues that "[e]very factual allegation relating to Griffith that Plaintiffs now seek to add was known to Plaintiffs, at a minimum, six months prior to the filing of their complaint and 10 months prior to seeking this amendment." (*Id.* at 4)  According to Defendant, the "undue delay in seeking to amend the[] complaint to add Griffith premised upon facts and theories known by Plaintiffs long before ever filing the complaint is a sufficient basis upon which to deny Plaintiffs' [m]otion." (*Id.* at 5)

On the other hand, Defendant does not address the addition of a new plaintiff, who signed a form indicating his "consent to become a party plaintiff in this action" on May 17, 2015—after the Complaint was filed on May 6, 2015.  (*See* Doc. 9)  Moreover, Plaintiffs requested leave to amend prior to the deadline imposed by the Court.  Because the case was only recently scheduled and the amendment would not "produce an undue delay in the litigation," this factor does not weigh against leave to amend.  *See Jackson*, 903 F.2d at 1387.

### C.     Bad faith

There is no evidence that Plaintiffs have acted in bad faith in seeking to file an amended complaint to raise an additional cause of action and identify a new defendant.  Thus, this factor does not weigh against an amendment.

### D.     Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").  "To determine whether the proposed amendment is futile, the Court should evaluate whether the facts alleged would be sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Townsend v. University of Alaska*, 543 F.3d 478, 486 n.6 (9th Cir. 2008) (noting that the "basis for futility is more accurately characterized as a failure to state a claim for relief").

Here, based upon review of the facts alleged in the proposed amended complaint, it does not appear amendment would be futile.  Plaintiffs allege facts sufficient to support its claims against Randy's Trucking and Mr. Griffith for overtime pay and liquidated damages pursuant to 29 U.S.C. §

207.  (*See* Doc. 17-2 at 11-12)  Therefore, this factor does not weigh against granting leave to amend.

### E.     Prejudice to the opposing party

Generally, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party.  *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). Prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment, or where "[e]xpense, delay, and wear and tear on individuals and companies" is established.  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (finding prejudice where permitting plaintiff to file an amended complaint would cause "the nullification of prior discovery" and impose "the burden of necessary future discovery"). The burden of showing prejudice is on the party opposing an amendment to the complaint.  *DCD Programs*, 833 F.2d at 187.  Notably, there is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown.  *Eminence Capital*, 316 F.3d at 1052.

Here, Defendant argues that "Randy's Trucking has budgeted, planned, and made business related decisions for the sole purpose of defending this lawsuit as pled initially by Plaintiffs."  (Doc. 18 at 5)  According to Defendant, "Randy's Trucking will incur tremendous attorneys' fees and costs in having to defend this action on behalf of Griffith."  (*Id.*)  Therefore, Defendant concludes "Randy's Trucking will be prejudiced to the extent Griffith is added as a defendant in this action at this late juncture." (*Id.*)

Significantly, however, Defendant's contentions are undermined by the fact that the case was only recently scheduled, and the parties have yet to engage in any significant discovery efforts. Defendant fails to explain how the company will incur "tremendous" fees and costs representing claims against Mr. Griffith, when the allegations against Mr. Griffith are the same as those against Randy's Trucking.  Because Defendant fails to carry its burden to demonstrate prejudice, this factor does not weigh against granting leave to amend.

### III.    Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file the Amended Complaint.  *See Madeja*, 310 F.3d at 636.  Therefore, the Court is acting

1 | within its discretion in granting the motion to amend.  *See Swanson*, 87 F.3d at 343.

2 |     Accordingly, **IT IS HEREBY ORDERED**:

3 |     1.    Plaintiffs' motion to amend (Doc. 17) is **GRANTED**; and

4 |     2.    Plaintiffs SHALL file the amended complaint within three days of the date of service of

5 |     this Order.

7 | IT IS SO ORDERED.

8 |     Dated: **October 6, 2015**            **/s/ Jennifer L. Thurston**

9 |                                                  UNITED STATES MAGISTRATE JUDGE