# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY FERGUSON and ROGER MOELLMAN, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br>RANDY'S TRUCKING, INC.,<br><br>　　　　　Defendant. | Case No.: 1:15-CV-00697 -JLT<br><br>ORDER AFTER FURTHER SCHEDULING CONFERENCE<br><br>Pretrial Conference: 12/19/2016<br>Trial: 2/21/2017 |

The Court ordered a further scheduling conference to occur on May 12, 2016. (Doc. 37) Though counsel failed to appear, they did submit a joint status report.[1] (Doc. 40) The report indicates that Plaintiff wish to have the legal issue—whether they are entitled to double time for overtime as provided by Wage Order 9—as soon as possible. Id. at 2. They propose that the parties file their dispositive motions on this topic by June 1, 2016. Id. at 3. Plaintiffs report that this "is not a large dollar case" (Id. at 2.) and, if true, there is good reason not to delay the determination in terms of the waste of resources.

Defendants oppose the request to advance the filing of the motion and assert that doing so "would deprive Defendants of a fair opportunity to prepare and file the dispositive motions it

---

[1] The Court has been advised that this was not due to willfulness but through a lack of understanding as to how the Court manages telephonic appearances. Oddly, however, counsel appeared telephonically previously using the CourtCall service (Doc. 15), and this same method for appearances was expressly authorized by the Court when it set the further status conference. (Doc. 37)

anticipates would resolve this case without need for trial." (Doc. 40 at 3)  Exactly why Defendants cannot file such a limited dispositive motion more quickly than four months is not explained.  The Court speculates that Defendants may need further discovery before they believe they can file a meritorious motion or are devoting their efforts to other cases.

In any event, the fact that the motion is potentially dispositive does not mean that Plaintiffs cannot raise it themselves in an earlier motion for summary adjudication.  Indeed, Plaintiffs have as must reason to do seek a determination of this legal question as Defendants, maybe more so.  Moreover, the deadline currently in place does not require a party to delay filing a dispositive motion; it merely sets the outermost date upon which they can timely do so.  Thus, the Court **ORDERS**:

    1.    The case schedule is amended as follows:

        a.    The pretrial conference will be held on **December 19, 2016** at 9:30 a.m.;

        b.    The trial will be held on **February 21, 2017** at 8:30 a.m.;

        c.    No other changes to the case schedule are authorized. **<u>However, Plaintiffs are strongly encouraged to file their motion for summary adjudication as to the legal question at issue as soon as possible for the reasons they set forth in the joint statement and discussed above.</u>**

IT IS SO ORDERED.

    Dated:   **May 13, 2016**                  **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE